IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

  vs.                                    NO. 05CV0254 JP/WDS
                                              NO. 01CR1616 JP

JESUS FALLS,

      Defendant/Petitioner

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Jesus Falls. Falls is acting *pro se*. Respondents filed a response in opposition to the motion. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Falls is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition.

## CLAIMS

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Falls claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to adequately represent him during his criminal trial. Specifically, he argues that his attorney: 1) failed to introduce the transcript of the recording of the drug deal; 2) failed to introduce cell phone records of certain participants in the drug deal; and 3) failed to present expert witness testimony regarding the absence of Petitioner's fingerprints on the drugs. Falls also claimed that his sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington,* 124 S. Ct. 2531 (2004). However, the sentencing claims were dismissed on June 2, 2005 at the order of Senior Judge James A. Parker.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2001 Albuquerque Police Department Detective Arturo Gamboa was informed by a confidential source (CS) that Oscar Chacon was selling cocaine at his residence in Albuquerque. Gamboa drove with the CS to the residence, where the CS purchased cocaine base from Chacon. The CS advised Gamboa that Chacon could sell them $5,000.00 worth of crack. Gamboa called Chacon and arranged the purchase. They agreed to do the deal at Chacon's house.

Later in the day Gamboa met Chacon at Chacon's residence. Gamboa was wearing a transmitting device, and the surveillance team was recording the transmission. Chacon said he had made a call, and the crack would be delivered shortly. After waiting for twenty or twenty-five minutes, Chacon asked to use Gamboa's cell phone. Gamboa heard Chacon tell the person on the other end of the call that he was getting impatient. Shortly thereafter, Petitioner drove a green Ford Explorer drove into the driveway of Chacon's residence. Petitioner was accompanied in the vehicle

by co-defendant Rodriguez.

Gamboa approached the vehicle and spoke with the occupants. Both Falls and Rodriguez told Gamboa that they only had seven ounces, at $600 per ounce. Falls told Gamboa that he could get two additional ounces and give Gamboa a better price on those. Falls then told Rodriguez to give Gamboa the crack. Rodriguez reached under his shirt, pulled out a bag containing crack, and gave it to Gamboa. As Gamboa counted his money, Rodriguez grabbed the drugs and gave the bag to Chacon to hold. The surveillance officers arrested the defendants at that point.

Falls was charged with distribution of 50 grams or more of cocaine base, and conspiracy to distribute. Edward O. Bustamante, Esq. was appointed to represent Falls. A jury found Petitioner guilty of both counts. Petitioner was sentenced to 151 months imprisonment. Petitioner's conviction was affirmed on appeal. This §2255 petition followed.

## STANDARD OF REVIEW

Since Falls is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Petitioner's claim of ineffective assistance of counsel, if proved, would constitute a denial or infringement of his constitutional rights.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's remaining allegations are correctly styled as an ineffective assistance of counsel claim. The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*,

466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel.  In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Falls must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice, Falls "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course.  *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

**A.  The Tape Recording**

Petitioner first argues that his attorney should have introduced the tape recording of the drug transaction, or a transcript of the recording. Petitioner alleges that what was actually said was significantly different from what Gamboa testified was said. Petitioner, however, has provided no detail as to the alleged contradictions. Nor has Petitioner provided any substantiation for his claim that the tape was not inaudible. Petitioner's conclusory allegations are insufficient to support his claim of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

**B.  Cell Phone Records**

Petitioner's next claim is that his attorney "failed to submit cellular telephone records to demonstrate that Detective Gamboa did not call Falls as a source of cocaine and that neither Gamboa or co-defendant Oscar Chacon had ever previously spoken with Falls." However, at no time did the prosecution allege, or have to prove, that any phone calls made on October 30, 2001 were made to Petitioner's cell phone. The government's case against Falls did not rise and fall on whether he personally received Chacon's telephonic order for $5,000 worth of crack. It was sufficient that Falls personally drove the drugs to the point of sale, participated in the negotiation of the deal, and participated in the consummation of the drug deal. Detective Gamboa's cell phone records were of no probative value under the circumstances of the case, the introduction of such evidence would not have changed the outcome of the trial, and Petitioner's argument is not well founded.

**C.  Fingerprint Expert**

Finally, Petitioner claims that his attorney "failed to call an expert witness who was available and prepared to testify that Falls' fingerprints were not found on the drugs that the government recovered." Again, Petitioner's claim is not well founded. Petitioner signed a stipulation that no

5

latent prints were found on the bags in which the crack had been packaged, so the jury was made aware that Falls' fingerprints were not on the bags. Accordingly, the testimony of the expert would have been duplicative. As a matter of law, failure to present duplicative evidence cannot be prejudicial. Furthermore, Detective Gamboa testified that Rodriguez, not Falls, handed him the bag containing the crack. Accordingly, the expert's testimony would have had no probative value, and the failure to present the testimony cannot be held to be prejudicial under the *Strickland* test.

## DENIAL OF EVIDENTIARY HEARING

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of the *Strickland* test.

For the reasons stated above, the court finds that Petitioner has not made a colorable showing that his counsel was inadequate in any way, let alone that his performance fell below an objective standard of reasonableness. Accordingly, he can meet neither prong of the *Strickland* test and an evidentiary hearing is not necessary.

## RECOMMENDED DISPOSITION

The court recommends that Falls' Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed March 7, 2005 be DISMISSED. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

                                      **W. DANIEL SCHNEIDER**
                                      **United States Magistrate Judge**